IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT KING CONWAY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv324 |
| NATHANIEL QUARTERMAN | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Robert King Conway, Jr., an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

On August 1, 1986, following a jury trial, in the 128th Judicial District Court for Orange County, Texas, petitioner was convicted of Capital Murder. Petitioner was sentenced to a term of life imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner appealed his conviction to the Ninth District Court of Appeals. The conviction was affirmed in an unpublished opinion. *Conway v. State*, 09-86-00183-CR (Tex. App. - Beaumont, Nov. 4, 1987, pet. ref'd). The Court of Criminal Appeals refused petitioner's petition for discretionary review on March 9, 1988. *Conway v. State*, PDR No. 054-88. Petitioner did not file a petition for writ of certiorari from the Supreme Court.

Petitioner filed his first state application for writ of habeas corpus on April 1, 1993. The application was denied by the Texas Court of Criminal Appeals without written order on May 12, 1993. *Ex parte Conway*, App. No. 24,689-01, at 3, cover.

Petitioner filed his first federal habeas corpus petition on July 23, 1993. *See Conway v. Director,* No. 1:93cv345 (E.D. Tex. Sept. 14, 1994). The petition was denied on September 14, 1994. *Id.* Petitioner did not appeal the denial of the petition.

Petitioner filed his second state application for writ of habeas corpus on February 28, 2006. The application was dismissed in part and denied in part by the Texas Court of Criminal Appeals on May 3, 2006. *Ex parte Conway*, App. No. 24,689-02, at 4.

## The Petition

Petitioner brings this petition asserting the following claims: (1) he has been denied eligibility for mandatory supervision; (2) the Board of Pardons and Paroles used an improper statute in voting on his parole; (3) he was improperly denied release on parole; (4) TDCJ time sheets improperly describe his percentage of parole eligibility; (5) he was denied effective assistance of counsel at trial; (6) he was denied a fair trial; and (7) he has received the wrong type of time credits for completing an educational course.

## The Response

The respondent contends that petitioner is not entitled to federal habeas corpus relief. The respondent asserts that petitioner's claims concerning his conviction should be dismissed as successive, procedurally barred, and time-barred. Additionally, the respondent states petitioner is not entitled to relief on his remaining grounds for review.

## Analysis

Pursuant to 28 U.S.C. § 2254(b), individuals who seek to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order authorizing the

district court to consider such second or successive application. 28 U.S.C. § 2244(b)(3)(A).[1] Moreover, the amendments require that the court dismiss a claim presented in a second or successive habeas corpus petition if that claim was presented in a prior habeas application.[2]

Here, petitioner has previously filed at least one federal petition challenging his conviction. *Conway v. Director*, Civil Action No. 1:93cv345. Petitioner has failed to demonstrate he filed a motion with the Fifth Circuit Court of Appeals and received permission to file a second or successive habeas application in the district court regarding his claims challenging his conviction. Thus, such claims should be dismissed.

*Limitations*

The respondent also asserts that petitioner's claims concerning his conviction are barred by limitations. Title 28 U.S.C. § 2244(d)(1) provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] 28 U.S.C. § 2244 reads, in part, as follows:

\*\*\*

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3).

[2] 28 U.S.C. § 2244 provides: "A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In grounds five and six, petitioner complains of the assistance of counsel at trial and that he was denied a fair trial. Accordingly, the statute of limitations period for those claims began to run when his conviction became final in 1988. Thus, petitioner's claims in this petition, filed in 2006, are barred by limitations.

*Exhaustion and Procedural Default*

The respondent also asserts that petitioner's claims challenging his conviction are procedurally barred because the Texas Court of Criminal Appeals dismissed the claims citing abuse of the writ as a procedural ground for dismissal.

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court. Title 28 U.S.C. § 2254 provides in pertinent part the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

On habeas corpus review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate procedural state ground. *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir.1996). The procedural bar will not be considered adequate unless it is applied regularly or strictly to the great majority of similar claims. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), cert denied, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). The Texas Court of Criminal Appeals, however, applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.)(per curiam), cert. denied, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995).

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice or a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). However, petitioner has failed to demonstrate either cause, prejudice or a miscarriage of justice. Accordingly, petitioner is not entitled to federal habeas corpus relief on these grounds for review as they were not exhausted and are procedurally barred.

*Standard of Review*

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996. The new provisions, in part, prohibit a petitioner from relitigating

issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Mandatory Supervision Release*

Petitioner claims he has been improperly denied mandatory supervision eligibility. However, in Texas, prisoners sentenced to a life sentence are not eligible for release on mandatory supervision. *See Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001) (holding "a life-sentenced inmate is not eligible for release to mandatory supervision . . . it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life"); *see also Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Thus, petitioner's assertion that he is eligible for mandatory supervision is foreclosed. Accordingly, petitioner fails to state a claim upon which he is entitled to federal habeas relief.

*Right to Parole*

Next, petitioner claims that the Board of Pardons and Paroles used an improper state statute voting on his parole, that he was improperly denied release to parole, has not received the proper time credits and that the TDCJ time sheets improperly describe his percentage of parole eligibility.

It is well settled that Texas prisoners "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). In Texas, release on parole is entirely speculative and there is no constitutional expectancy to release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995) and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)). Thus, petitioner's claims that the Board of Pardons and Paroles used an improper state statute voting on his parole, that he was improperly denied release to parole, has not received the proper time credits, and that the TDCJ time sheets improperly describe his percentage of parole eligibility fail to state a claim for federal habeas corpus relief because he is not eligible for release on mandatory supervision and there is not right to parole.[3]

To the extent petitioner asserts that his claims constitute a violation of the *Ex Post Facto* Clause, the claims must fail because a change in law "must be both retroactive and to a prisoner's detriment." *Hallmark v. Johnson*, 188 F.3d 1073, 1077-78 (5th Cir. 1997). Here, petitioner had no prior expectation of release on parole; thus, petitioner cannot show he was prejudiced by any alleged

---

[3] Challenges to TDCJ's procedures and time calculations are not cognizable in federal habeas corpus, even if they were in error. A civil rights action is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser v. Rodriguez*, 411 U.S. 475, 498, 93 S.Ct. 1827, 1840-41, 36 L.Ed.2d 439 (1973). However, as petitioner is not eligible for release on mandatory supervision, he has not liberty interest in good time credits. Further, plaintiff has not alleged a violation of his constitutional rights, a prerequisite to suit under section 1983. Even if there was a violation of TDCJ policy, a violation of prison regulations, without more, does not give rise to a federal constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *see also Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met).

change in law after his sentencing. Accordingly, petitioner's claims are without merit. Therefore, the claims should be denied.

For the reasons set forth above, Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, petitioner's grounds for review should be denied.

<h3 style="text-align:center">Conclusion</h3>

For the reasons set forth above, this petition for writ of habeas corpus will be denied. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **19** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge